Schneider v. Seraphina, Collura, etc. et al. Good morning, may you please the court. My name is Zaheer Semih. I represent Robert Schneider. May I reserve two minutes for rebuttal, please? Yes, you may. What's at stake in this case is whether Robert Schneider can engage in petitioning activity protected by the First Amendment without retaliation by city officials such as the defendants Seraphina Collura and Gaudette and Powell. There are two forms of petitioning activity specifically described in Schneider's original complaint. That is, first, after firing Seraphina Collura for misconduct on the job when working for Schneider, he communicated with the Division of Unemployment Assistance about the circumstances of her firing and specifically Exhibit 2 of the original complaint and also paragraphs 21 to 23 of the original complaint allege that he communicated with the Division of Unemployment Assistance by telling them that he fired her for deliberate misconduct of his company policy. You're saying that's certainly not in the allegations, the paragraphs that you just cited. The paragraphs just say that they requested info from him. Right, and then Exhibit 2, which is actually attached to the complaint. So you're saying that's the... Exactly, that's the communication. And then what do you do about the fact that then in paragraph 24 you then say that the retaliation was for her termination of employment? Well, the complaint, there was retaliation for termination of employment. That does not implicate anything. But there's nothing that says that it was retaliation for them providing information to the Unemployment Assistance Division. Well, the complaint read as a whole, the complaint alleges really a pattern of retaliation that was ongoing. There were a number of acts of retaliation. I admit that the retaliation of going and filing a complaint with the city the day that she was terminated doesn't implicate any federal right. But this was a long... The complaint describes a pattern of retaliation beginning with that first day when she was fired and continuing over a number of years. But it never says that she picked up another motive. Excuse me? It says your client fired her. And then the next allegation says she thereupon immediately, because she was fired, launched this long campaign of going after her. But what happened is when she... You never say that any other motivation added to that barn fire that was lit on day one. Well, the other aspect... I mean, I think read as a whole, the complaint alleges a pattern of retaliation and alleges conduct engaged... Petitioning activity engaged by my client... Right, but let's... Granted that it describes a pattern of retaliation because she was fired. Not... What in your complaint alleges that there was a pattern of retaliation because of this other reason? Well, one place in the complaint is paragraphs 44 to 46 where he describes the small claims lawsuit that my client filed against the defendant Kalora's brother. And immediately following that instance of petitioning activity, the defendants, Gaudette Powell, issued, at the instigation of Kalora, fines, threatening my client with fines of up to $300 a day, which amounts to more than $100,000 a year. But of course he didn't pay those fines. He didn't pay those fines, but these were threats. They were intimidation and coercion, which implicates the state civil rights claim as well. The problem I'm having is you file a complaint that says, they fired me, and then that launched a retaliation because they fired... I fired Kalora. Kalora then retaliated by launching this campaign. Elsewhere in the complaint you mention one or two other things your client did, but you don't suggest at all that that incited any retaliatory behavior that had already started. And to add frosting on the cake, when you then come up to the First Circuit on your prior appeal, you indeed don't mention at all that you've got these other claims in your complaint. So they're gone. How do you get around that? You can't sandbag on an appeal and then revive some other complaint that you said wasn't even before us. Well, that depends on whether this court in the prior appeal even had jurisdiction to consider the claim that there was retaliation for Snyder's First Amendment petitioning activity. Because if that raises the question of evidence sufficiency, there was no, on the interlocutory appeal, the first appeal, there couldn't have been jurisdiction to consider... But there was nothing, the defendants said, hey, we're immune, dismiss this whole complaint against us, right? Well, their summary judgment motion said dismiss the complaint, but the summary judgment motion actually only moved, addressed, to basically two bases of the complaint, and that was equal protection and... Because that's all they thought that was in the complaint, and you never came back and said, well, there's this First Amendment claim that should survive. So the only reason that they didn't appeal that was you never argued it. Well, I don't think we were obligated to argue it if it wasn't raised by the defendants. So you think if you file a complaint and buried in it somewhere is this, as you say, implicit theory, and the other side moves to dismiss and they don't spot that implicit theory, then you can sit there silently and not say anything about it. And then when they win on what their motion to dismiss, you can say, well, aha, I've got this other theory? Well, I think the complaint supported a number of theories. It turned out that the theory that we thought would be the focus of our litigation, it turned out that that was not viable. That doesn't mean that, I mean, the case law is very clear. What did the First Circuit say in its last opinion dismissing? Did it dismiss the entirety of the case? No, it had limited interlocutory jurisdiction. So I take it your position is that the scope of the claims that you had raised in your complaint simply wasn't at issue at the time it came up to the First Circuit. All that was at issue was the particular constitutional claims that were the subject of that interlocutory appeal and the qualified immunity issues that they raised, right? Correct. And that appeal, the stage for that appeal was set by the defense. And so those claims were dismissed. Correct. The case then comes back, and now you can have a fight about whether you did or did not raise other claims in your complaint because there was no reason for that issue to be joined at the interlocutory appeal stage. Yes, exactly. And I guess in further point, to the extent that there was some other claim which they could have tried to raise on interlocutory appeal, that's incumbent on them to do it. And if they didn't do it, then we'll just talk about what's left after the interlocutory appeal is over. Right. And on appeal, I don't think this Court would even consider an issue that wasn't briefed in the lower court. I mentioned in passing, actually, in the last appeal, an Eighth Amendment issue, and the Court refused to consider it. So we haven't waived an issue as an appellee in the prior appeal. We haven't waived issues that, first, the Court didn't have jurisdiction at that time to address. And second, that were not the subject of the summary judgment motion that was filed by the defendants. And I want to bring to the Court's attention one case cited, at least certainly in my brief, the Cashner-Davidson securities case from 2010. In that case, this Court issued a mandate vacating an arbitration award, ordering the district court to vacate an arbitration award. It didn't tell the district court to retain jurisdiction or send the case back to arbitration. And then on a second appeal, the issue was, what was the scope of this Court's mandate in the prior appeal? And one of the parties was suggesting that the district court exceeded or violated the mandate by sending the case back to arbitration. And this Court held that, no, the mandate was limited solely to vacating the arbitration award. The lower court had discretion to do anything else that wasn't inconsistent with vacating the arbitration award. So in this case, too, after remand from the interlocutory appeal, except for the equal protection and substantive due process claims that were the subject of the interlocutory appeal, and that were declared by the Court as not viable, any other claims that were supported by the facts alleged in the original complaint were fair game. It wasn't as if, and I want to bring to the Court's attention another... Before you do that, just so I understand what you want us to do, if I'm getting it right, the error by the district court, if I'm understanding you, was in the sentence that because of what the First Circuit did, judgment on all federal claims may be entered? That's the error? Correct. Okay, and so then all you want to have happen, I mean, maybe you want more, but just remand it to the district court, they can then decide whether or not anything beyond the two that were interlocutory appeal were fairly stated or not. Whether it remains, whether anything is really clear enough to say that you actually made some claim. Because you could still lose on that, but the district court's never passed on that question, on your take. I think the district court did pass on that question. They specifically stated that no federal claims remain. No, no, but the only reason, as I read the district court's opinion that's given, that maybe this is wrong, is because of the First Circuit's ruling. But if I follow what you were just saying, you're saying the First Circuit's prior ruling does not address all federal claims. It addressed only the ones on interlocutory appeal. Correct. So then the error of the district court would be in thinking that the reason all federal claims must be dismissed is because of the prior First Circuit ruling. You say that's not what happened. So then the district court should just decide whether there is any other federal claim in the complaint. I think that's one way to look at it. I would ask this court to look at the complaint because it's in as good a position as the district court to address whether the complaint states... Any other federal claim. Correct. It's in just as good a position because the standard of review is de novo there. This court can address that question, and I think it would be much more efficient if this court addressed the question because I hope there is not a third appeal in this case in the event that the district court finds that the complaint does not state sufficient facts to make it a viable claim for First Amendment retaliation. So I think I would like this court to make a ruling on does the complaint, the original complaint or the proposed amended complaint, does it state sufficient facts to give rise to a plausible claim for relief for violation of Mr. Schneider's First Amendment rights. That, I think, that's what I would like the court to do. And then can I just ask you about the state claims? You also say there's a state constitutional... Correct. A Massachusetts Civil Rights Act. And what's your position with respect to what the district court did as to that claim? I think the district court sort of first relying on the mistaken premise that no federal claims remained, misread the complaint also in a way that construed it as not stating any state law claims, whereas in fact we do cite facts alleging that amount to violations of Schneider's state, both federal and state constitutional rights, his cognate right under the state constitution. What do you want us to do about the state constitutional claims in light of that claimed error by the district court? Again, I think this court is in as good a position as the district court in looking at the facts in the complaint and finding whether the complaint states a viable claim or not. And the complaint, as far as I can tell, doesn't seem to identify a whole lot about... It says some facts, it says there's a state constitution out there, and it says that they violate them. Is that enough? Well, I think the constant refrain of the Supreme Court and the appellate courts and the rules of civil procedure is the complaint needs facts. It doesn't need legal theories, legal arguments, labels or conclusions that the lawyers superimpose on the facts. What determines the adequacy of a complaint to assess whether it states a viable claim, plausible claim for relief, are the facts. And that's what Snyder did. He gave the defendants all the facts they needed to do discovery, to evaluate his claims, and he need do no more. In the recent Supreme Court case from last year, per curiam, by the court Johnson v. City of Shelby, the Supreme Court stated all a plaintiff needs to do is to inform the defendant of the factual basis underlying his claim. It doesn't need to have a specific legal theory. It could even have the wrong legal theory. As long as the facts give rise to a plausible claim, he is entitled to proceed. Thank you. Good morning, Your Honors. I'm Bernadette Sewell. I represent the appellees, Godet and Powell. May it please the Court. This is an appeal from a granting of summary judgment and a denial of a motion to amend. Now, we've just heard argument about the merits of the First Amendment and Eighth Amendment claims, but the plaintiff didn't satisfy the procedure as to whether he can actually bring those claims. They're clearly not stated in the complaint. Clearly not stated. He set forth numerous counts under both federal law and state law, and he did not mention the First Amendment. Before you go for the next, just so I understand what your argument, that sounds like you're agreeing with plaintiffs in the following sense, that our prior First Circuit decision didn't just independently resolve the issue of whether the claims were stated. That seems like a merits argument about whether, in fact, the complaint stated those claims. Well, I don't necessarily agree with everything you said, if I understand it correctly. I certainly don't agree with plaintiff's premise that this Court only addressed certain issues and that there were other issues that could be addressed later on. Quite clearly, you come up to the First Circuit, and especially where I was arguing on behalf of my clients, qualified immunity. I'm not just saying, and I certainly did not expect, qualified immunity only as to those claims that you are currently raising. I didn't for a minute think that when we went back down to district courts, it was going to be, oh, by the way, I have some other claims that I'm going to now put forth. What happens if you were wrong about that, though? I mean, so I understand that you may have, and it may be that you'll be proven right ultimately in the sense that you read the complaint correctly in the eyes of the law because there were no other claims. But, in fact, did you only appeal those two constitutional claims on interlocutory appeal? I don't mean that you should have appealed others. I just want to know, when you brought the appeal, did you identify only those two claims as the ones for which you wanted dismissal on the basis of an interlocutory appeal? Due process and equal protection. Yes, that was what was stated in the complaint. No, no, no, that's not what I asked. I wanted to know what you, in your, just those two claims were all you mentioned. I don't say that you should have mentioned more. So let's take, a complaint's got plainly labeled three different theories. You move for summary judgment on just two of them, and it goes up to the First Circuit. You're not going to be arguing that we should read our mandate as taking care of the plainly pleaded third one? Correct. But, if the issue before us is, is that complaint, should it be read a certain way, I think what I hear you saying is that we can look at the history of that prior appeal as shedding light on how, in fact, everyone was indeed reading that complaint. Correct, and the court actually said in its decision, this court said in its decision, the only, I believe it's the only preserved claim, the only preserved federal claim. The court certainly thought it was the only claim that was out there. It wasn't until we were standing in a courtroom in front of Judge Sobel, and Judge Sobel was clearly indicating that she was going to be using a First and Eighth Amendment claim. Just to get back to the standard that the plaintiff claims that the court should be viewing with respect to, using with respect to his motion to amend, he claims that you should be using Rule 15a. That is incorrect. Rule 15a is the freely given standard with respect to a motion to amend. In fact, you should be using 16b. 15a has a time limit to it. It only goes to the point at which the time that the court, that the parties have agreed to have been set for filing motions to amend still is, still is viable. Does it make a difference to you? Because the amendments just added very little. And they just add an express reference, but they don't even actually say that Collar and the others, your clients, retaliated because of his speech. Then I think that would be a whole separate issue. Isn't that the grounds that the district court ruled on? That it was futile? Yes, exactly. They ruled it as being futile. 16b says that, sets up a good cause standard. The good cause is closely related to due diligence on the part of the moving party. In this instance, the motion to amend was filed four years after the expiration of the time within which a motion to amend should have been filed. Four years, five years after the complaint was issued. Any other questions? Thank you. Thank you. May it please the court. I'm Tom Donohue and I represent the defendant I'd like to focus my time today on the futility found by the district court. So any First or Eighth Amendment claims are futile because as grounded in the summary judgment record, there is no violation of a clearly established constitutional right. In this case, when qualified immunity is claimed by city officials, the burden is on the plaintiff to show that the constitutional right at issue is clearly established and beyond debate in the specific context of this case. So are you saying we could avoid all the issues we've discussed so far if we simply ask, assuming he could amend the complaint, taking it as amended, there is not found when it said in any event, the district court found there were no such claims pleaded. And in any event, any motion to amend is denied because the claims are futile. So the plaintiff in his brief doesn't even attempt to establish the constitutional right at issue here with any specificity. It just says there's a right to petition. So there is no case law out there, especially in no case law cited to by the plaintiff, that in this case, a city counselor could know that following up on the complaint that she had already made, that following up on that would somehow violate the First Amendment of the Constitution because the plaintiff responded to the Department of of misconduct in her appointment. That's the allegation, Your Honor, is that my client was terminated and that she then... It's not just an allegation. It's pretty clear. Your client, I mean, she tried to use her powers on the town council to get back at this guy. She goes, she checks with the city council. She presses for the investigation. It's pretty... In the light most favorable to the plaintiff, yes, that is contained in the record. Well, those emails, we don't need to look at them in any light, do we? She's asking to follow up. Just coincidentally? Well, after her termination, yes, in the light most favorable to the plaintiff, I agree with Your Honor. However, the reason she did it was, and this is not contained in the record because... We don't need to hear it. It's not in the record. for once my client is terminated to report her former boss to the building department. And especially in this case where essentially probable cause for her allegations has been determined because as this court found previously, the plaintiff's use of his building differs drastically from the uses of the building for the two former occupants under that variance. Except the court didn't seem to, the state court didn't seem to find that. At least in not having, making him pay the fines. I find it sort of unusual that two or three years later one can go back into the court and have a retired court official change the record. I find that sort of unusual. Well, even not considering that court's determination, I'm referencing this court's determination that what the plaintiff admits to in the record is drastically different from what he admits the uses of his building. Drastically different than under the variance for the two former occupants. So in that sense there is actually some type of arguable at least probable cause for my client's allegations to the building department. But that brings me back to whatever my client did in the light most facts most favorable to the plaintiff, it's not a constitutional violation of a clearly established right. The plaintiff has not identified one. Especially in this case. Not only has he not identified a constitutionally protected right, he hasn't identified that it's a substantial motivating factor. It's more akin to the case in this court involving the Herons, the nesting ground, I believe it's Baker versus Cox, where... He hasn't alleged that the firing was a substantial motivating factor? No. Well, he's saying that the firing is the reason, but it's not a constitutional violation. He's trying to ground his First Amendment and his Eighth Amendment claims in... In the other stuff. Yes, the response to the DUA and the fact that the plaintiff sued defendant Kalora's brother in Small Claims Court. So the plaintiff tries to ground it in some type of failure of access to the courts and certainly that's not clear here. Thank you. If there are any other questions I'd be happy to answer them. Thank you, Your Honors. Good morning, Your Honors. My name is Michelle Larded. I represent the city of Waltham. Briefly, I would just like to return to the question initially posed. From the first motion to dismiss that was filed to the first summary judgment motions that were filed to the summary judgment motion that was renewed to the arguments made here before this court, what the defendant said was, you haven't established any constitutional deprivation. Over and over and over again. And the plaintiff never said, that's when it shifts. We say there's none. And he didn't say, oh, but I have an Eighth Amendment. Oh, I have a First Amendment. At any point before this court in the interlocutory appeal, the question was actually posed, do you have anything else? And the answer was no. All of the assumed facts of concerted effort are based on former Counselor Kalora and together with the Building Inspector Gaudette and Powell. Looking at the entire complaint, this court reached the conclusion that there were no federal violations. With respect to the city of Waltham, in addition to the fact that their equal protection was the only preserved claim and that was dismissed by this court, we have a lack of showing of any final policymaking authority establishing a particular policy decision that causes the alleged constitutional injury. So any theory of municipal liability is lacking. Can you mention anything about the motion to dismiss stage? There was a motion to dismiss on all? There was a motion to dismiss. Yes, there was, Your Honor. Okay, and what was the ruling in response to that? The motion to dismiss was to dismiss all claims? All constitutional claims? Is that what it said? At the time, Your Honor, I actually represented Attorney Sewell, who was also sued. The court granted our motion to dismiss. And if you go back, it does say, we repeatedly say, any constitutional declaration. And then the district court ruled what? At that stage, to let it go to the summary judgment. As to all claims? It dismissed. As to all federal constitutional claims? Without specifying what they were? No, it left the substantive due process loosely perhaps grounded on a Fourth Amendment allegation. And the equal protection? And made no mention of the First Amendment or Eighth Amendment? Correct. And that was not then appealed? Correct. So why isn't that? So your position would be, forget the First Circuit. There was a ruling dismissing all claims but due process and equal protection that was never appealed. Is that wrong? It dismissed it against. Some but not all? Yeah, Attorney Sewell. I can definitely jump forward to the summary judgment motion. But at that point, we've already got the situation where everybody's now just talking about due process and equal protection. Again, but in response to our motions that said we're entitled to qualified immunity because there's no constitutional deprivation. Right, but at that point, the only claim is being discussed of the due process and equal protection. I'm just trying to find out where in this process. The First Amendment and the Eighth Amendment thing got taken care of. I would say at that stage, Your Honor. At the summary judgment stage? When we come forward at summary judgment and say, you have not, there's no federal claim that gives jurisdiction to this court, and use the words, you have not alleged any constitutional deprivation. When we go through the analysis of whether it rise to the, you know, meets the social. But I'm just saying at that, the time you got that stage, the district court had already identified only two claims as even viable for summary judgment. I believe so. And then when we're at summary judgment, absolutely. The court says that at that stage, and then certainly when we're here before the First Circuit, there's expressed, in fact, the decision actually specifically says after review of the complaint, they did raise substantive due process, the Fourth Amendment, equal protection, but the only one that's preserved is equal protection. And then goes through and says that that's dismissed on its merits, that it doesn't rise to the level. And then it says, oh, and one you're trying to raise later in the decision, this Eighth Amendment claim, it says you didn't do that below. And what's your position with respect to the state constitutional claims? Well, for the city of Baltimore, it's actually very clear that the matter needs to be dismissed, because the district court didn't never address those? No, there's a line that says it dismisses all state court. For what? Does the reason, it seems to be unclear to me. Well, you need a constitutional deprivation for the Mass Civil Rights Act to proceed as well. And there certainly was no constitutional deprivation alleged. There's no state law or state constitutional action that was alleged. So Judge Sobel, sorry, rests on the fact that this court has decided that there's no- Those are federal claims, though. Correct. And there's no allegation of any in the complaint.  Forcing you to go to state court to prevent the imposition of escalating charges, that's not a deprivation? For the city of Waltham, the Mass Civil Rights Act fails because the city is not a person subject to suit under the Mass Civil Rights Act. So we are immediately- You're up. In addition, the Mass Tort Claims Act can't lie against a municipal entity or anybody sued in their official capacity for intentional torts. And malicious prosecution, abusive process, and conspiracy to commit those, which are the only pled claims in the original complaint, can't lie against the official municipal entity or anybody sued in their official capacity. But in their private capacity, they conspired together to do this. It's not an official act, but they did it in any event for private reasons. In their individual capacity, I believe they would have- I'd rather have someone speak who represents an individual plaintiff in that matter. But there's also presentment issues as well for the city with respect to Chapter 258, Section 4, because no presentment was made whatsoever. Thank you. Mr. Simney, I believe you saved two minutes. So on the issue about futility, I think the district court never actually engaged in any futility analysis. In fact, if you look at the proposed amendment, it does specifically allege in Paragraph 56, it makes what is alleged as a whole in the complaint, it makes it explicit. And it says that Snyder's rights under the First Amendment to be free from retaliation for petitioning government by communicating with the Mass TUA concerning Calora's unemployment, and his First Amendment rights to be free from retaliation for seeking redress for grievances in a court of law by filing a small claims complaint against Calora's brother. So it makes more explicit what the complaint as a whole already alleges for Section 1983. The district court didn't engage in any futility analysis because I think it misconstrued- If we get to that, that would be de novo, anyhow, wouldn't futility? Correct. On the probable cause, the mentioning of probable cause, there's a recent case, and I will submit a letter of supplemental authority decided by this court on July 16, 2015, McHugh v. Bradstreet, which specifically concerns First Amendment retaliation. And that actually, that case bears quite a bit of similarity to this case. And in that case, Judge Kayada, there was actually, as in Mr. Snyder's case, a preexisting retaliatory motive, which did not preclude subsequent actions taken in retaliation for subsequent petitioning activity to form a basis for a First Amendment retaliation. Not if they're pleaded and preserved. Sorry? If they're pleaded and preserved- Correct. You could have two theories. Correct. So, for example, let me just quote from that case. Before you do that, could you just address the district court point that I was asking about earlier? They made a motion to dismiss. The district court allowed the equal protection and due process claims to go forward. It did not, did it say anything about the First Amendment and Eighth Amendment claims? Actually, neither at the motion to dismiss stage, the pleading stage, or at the first summary judgment stage, did really the defendants seek summary disposition of the First Amendment claim or the Eighth Amendment theories. No, but that's not what I'm asking. Okay. They moved to dismiss the constitutional claims. Is that true? At the pleading stage, yes. Okay. The district court then rules and says the due process and equal protection claims can go forward. Is that true? Correct. Okay. If you think you've got a First Amendment and an Eighth Amendment claim that also should have gone forward, don't you have to say to somebody, hey, wait a second, more should be going forward? Why is there any basis for thinking that more went forward than what the district court allowed to go forward after being faced with a blanket dismissal of all the constitutional claims? Well, it wasn't a blanket dismissal that was sought. Well, it was a blanket dismissal, but the only specific arguments they made, and they were required. Under the pleading standards, we have a generous notice pleading standard. Under the legal argument standard, they must spell out their arguments much more specifically and identify what theories or partial theories. So your position is that at that stage when the district court is ruling and says those two go forward, it was also saying and whatever else I didn't mention also goes forward? Yes, and I would bring to the attention this court's case in Iacobucci v. Bolter where a very similar argument in the defendants in that case was made at the summary judgment stage where they said, wait a second, we moved for summary judgment on all claims. But they only argued, they only specifically argued as to specific legal theories. And then when the plaintiff in that case said, wait a second, hold on, the complaint actually, the facts in the complaint actually support an alternate theory as well. That was not moved, the defendants did not move for summary judgment on, that was not ruled on. And again, as in this case, the defendants in that case said, wait, wait a second, there's three words in your order that say summary judgment motion allowed as to all claims. And the all claims, that phrase, those two words referred only to the all claims or theories on which the defendants sought summary judgment. And the court said, and this court actually called the argument, I like this phrase, too cute by half because that, again, the summary judgment stage was set by the defendants' summary judgment motion. Briefly, I don't think I have anything else. Let me just, oh, one other thing. I did, prior to the motion in court before Judge Zobel, that was not the first time that I raised my First Amendment claim. I did, there was a second round of summary judgment preceding that hearing, and I did specifically raise the First Amendment and Eighth Amendment theories in those summary judgment papers. The first time that I learned that Judge Zobel didn't think that the complaint supported such theories, that's what I learned in the hearing in open court, and I immediately moved to amend. It was denied in open court, but I did follow up with my written motion and my proposed amended complaint. Your Honors, what's at stake here is whether Robert Snyder's meritorious claims will be decided on the merits or whether they will be dismissed based on technicalities. The rules in the public policy favor disposition of cases on the merits. I ask the court to find that he has sufficiently stated a claim for First Amendment retaliation, violation of his Eighth Amendment rights, and violation of the State Civil Rights Act, and ask the court to reverse the district court's decision. Thank you.